UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DUSTIN R. JACOBSEN | ) |
|                 Plaintiff, | ) |
| versus | ) |
| | ) |
| HOBNOBBER'S VARIETY BAR, INC., | ) |
| PAUL TIMPHONY, | ) |
| CHERYL TIMPHONY, | ) |
| ABC, LLC, and | ) |
| XYZ, LLC | ) |
|                 Defendants. | ) |

## COMPLAINT FOR DAMAGES

### I.   Preliminary Statement

1. This is an action for damages brought pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C.S. §12101 et seq., which provides that no employer covered by the ADA shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to terms, conditions, and privileges of employment. 42 U.S.C.S. §12112(a). Additionally, Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.S. §2000 et seq., provides that it is unlawful for an employer to fail or refuse to hire or to discharge any individual because of such individuals race, color, religion, sex or natural origin. 42 U.S.C.S. §2000e-2(a)(1). Not only are Title VII and the ADA similar in their language, they are also alike in their purposes and remedial structures directed to protect qualified individuals with disabilities' from discrimination in the work place. Furthermore, The Supreme Court of the United States held via *Bragdon v. Abbott*, 524 U.S. 624 (1998) that HIV is a protected disability under the ADA. This action stems from Defendants' termination of Plaintiff's employment on October 31, 2014 because he is

1

infected with the human immunodeficiency virus ("HIV"). Plaintiff assets that defendants unlawfully discharged him from employment because of and upon their discovery of Plaintiff's disability. As a consequence of the same, Plaintiff is entitled to compensation.

2. This is also an action for injunction, declaratory relief, and damages brought pursuant to §3604(f)(1)(A) of the Fair Housing Act and state law tort claims challenging an act of discrimination performed by the defendants. Plaintiff asserts that the defendants willfully evicted him on the basis of a disability and, as a result, inflicted significant emotional distress.

3. At all times material hereto, plaintiff is and was a person with a disability and/or handicapped within the meaning of the above federal statute. Plaintiff has a physical impairment in that he is and has a record of being HIV-positive at all times material hereto.

4. This action seeks relief in response to Defendants' unlawful discharge of Plaintiff's employment, the Plaintiff's wrongful eviction, and the Defendants' intentionally tortious conduct. The defendants Paul and Cheryl Timphony, operating under the authority of their companies, Hobnobber's Variety Bar, Inc., ABC, LLC, and XYC, LLC, have mistreated the plaintiff in the grossest of ways.

5. It is now commonly accepted that HIV is considered a disability under the Americans with Disabilities Act. *See. Bragdon v. Abbott*, 524 U.S. 624 (1998). HIV is most often a fatal virus that becomes increasingly more debilitating as it progresses. It is, however, outside of sexual contact, so acutely difficult to transmit that those who have it are able to live relatively normal lives free from fear of spreading the virus. Many are uneducated about the virus and therefore irrationally afraid of its transmission. This irrational fear came about from a history of society's apprehension of using the word "semen" publicly.

Therefore, in the discussion of HIV and transmission, "bodily fluids" became the term of choice. Because HIV may only be transmitted through blood, semen, breast milk, vaginal fluids, and pre-semenal fluids, the term "bodily fluids" was a gross misnomer. With a generalized term, society has generalized its perception of the disease's transmission. From there, those with HIV are far too often seen as walking infections to be avoided at all cost when, in reality, outside of intercourse and sharing syringes, there is virtually no risk of spreading the disease. Humanity's natural fear of the virus coupled with a general misunderstanding of the science behind it has resulted in a stigma surrounding those infected. The modern perception of those with HIV is that they are unsanitary, unsafe, and dirty. Furthermore, HIV is also too often seen as a disease exclusive to homosexuals. Therefore, those with the disease typically absorb the brunt of modern homophobia along with the perception that they are "dirty" or "dangerous." This lawsuit is the direct progeny of the modern stigmatization of HIV positive individuals and the resulting discrimination.

## II. Parties

6. Plaintiff, Dustin Jacobsen, is a resident of New Orleans, Louisiana. Prior to his unlawful termination, Plaintiff worked at Defendant's bar, Hobnobber's Variety Bar, Inc., and rented the upstairs apartment from Defendants. At all times relevant to this Complaint, Plaintiff has been a person living with HIV and a person with a disability within the meaning of the ADA. Plaintiff was and is a qualified person with a disability and/or handicap, has a record of being disabled and/or handicapped, and/or was regarded as being disabled and/or handicapped by the defendants within the meaning of the Americans with Disabilities Act,

the Civil Rights Act of 1964, and the Fair Housing Act because he is HIV-positive as alleged in paragraph 3 above.

7. Defendant, Hobnobber's Variety Bar, Inc. ("Hobnobber's"), is a restaurant and bar that is believed to be a Louisiana corporation authorized to do and doing business in the State of Louisiana and whose principal place of business is located at 137 or 139 Carondelet St., New Orleans LA 70130, and who, at all times material herein, has appointed as its agent for service of process Paul Timphony,

8. Defendant, Paul Timphony ("Paul Timphony"), is the owner of Hobnobber's Variety Bar, Inc., and served as landlord to the plaintiff. Upon information and belief, he is also the chief officer and manager of the building that leased Plaintiff's apartment located at 137 or 139 Carondelet St., New Orleans LA 70130.

9. Defendant Cheryl Timphony ("Cheryl Timphony"), is the owner of the defendant corporation, Hobnobber's Variety Bar, Inc., and served as landlord to the plaintiff.

10. Defendant, ABC, LLC, is a Louisiana corporation authorized to do and doing business in the State of Louisiana and which, upon information and belief, is the registered Louisiana corporation that owns Hobnobber's Variety Bar, Inc. Upon additional discovery, Plaintiff shall amend the complaint in order to name the actual entity whose identity is currently unknown.

11. Defendant, XYZ, LLC, is a Louisiana corporation authorized to do and doing business in the State of Louisiana and which, upon information and belief, is the registered Louisiana corporation that owns the building located at 137 or 139 Carondelet St., New Orleans LA 70130 from which Plaintiff leased his apartment. Upon additional discovery, Plaintiff shall

amend the complaint in order to name the actual entity whose identity is currently unknown.

12. Upon information and belief, Defendant, Hobnobber's Variety Bar, Inc., is a covered entity prohibited from discriminating against individuals with disabilities within the meaning of the ADA.

### III. Jurisdiction

13. This Court has federal jurisdiction over the matter under 42 U.S.C.S. §12101 et seq, Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. §2000 et seq., 28 U.S.C. §1331 and 1367, 42 U.S.C. §3613(a), and 29 U.S.C §1332. At all times relevant to this Complaint, the Defendants comprised a single employer employing in excess of fifteen employees. The basis for Plaintiff's state-law tort claims fall under La. C.C. art. 2315.

14. Pursuant to 28 U.S.C. §1367(a), this Court has subject matter jurisdiction over any claims, not otherwise subject to federal jurisdiction, based on the Court's supplemental jurisdiction over these claims.

15. Defendants hired Plaintiff as a bartender in January of 2010. Although Plaintiff performed admirably for the entire period of his employment, Defendants terminated Plaintiff's employment on October 31, 2014.

16. This Court has personal jurisdiction over defendants Paul and Cheryl Timphony because they live and do business in New Orleans, Louisiana, and over defendants, Hobnobber's, ABC, LLC, XYZ, LLC, because all, upon information and belief, are Louisiana corporations with a principal place of business in New Orleans, Louisiana.

17. In this action, Plaintiff seeks compensatory damages, punitive damages, and costs and reasonable attorneys' fees associated with this action.

### IV. Venue

18. Venue is proper in this Court under 28 U.S.C. §1391(b) because the unlawful employment practices complained of occurred in this judicial district and division. Venue is also proper in this the Eastern District of Louisiana pursuant to 28 U.S.C. §1391(b) because one or more of the Defendants reside in this judicial district and division.

### V. Statement of Facts

19. Plaintiff worked as a bartender and manager for Defendant, Hobnobber's Variety Bar and Restaurant ("Hobnobber's"). Plaintiff also lived in an apartment that he leased from Defendant Hobnobber's that was located above the bar.

20. At some point after being hired at Hobnobber's and moving into the apartment upstairs, Plaintiff contracted the HIV virus.

21. Plaintiff's ex-girlfriend became aware that he had been diagnosed with HIV because she was present at the time of initial testing.

22. Upon information and belief, Plaintiff's ex-girlfriend told Defendant, Paul Timphony, that Plaintiff had contracted HIV.

23. Upon this discovery, Defendants terminated Plaintiff's employment from Hobnobber's on October 31, 2014 after Plaintiff finished his shift and responsibilities on that day.

24. Defendant, Paul Timphony, also wrongly evicted Plaintiff from his apartment after October 31, 2014 and Plaintiff voluntarily left on November 7, 2014.

25. Defendants fired and evicted Plaintiff because of his disability. In a conversation with Paul Timphony that occurred in Plaintiff's apartment, Paul Timphony told Plaintiff "you need to go because you're sick."

26. The statement referenced in Paragraph No. 20 was made in front of Plaintiff's mother who was a witness to the same.

27. Plaintiff suffered lost wages as a result of his wrongful termination as well as significant emotional distress from the termination, eviction, and the public humiliation resulting from the exposure of his disability. Plaintiff's emotional distress had physical manifestations including but not limited to in the form of uncontrollable vomiting.

28. On or about April 7, 2015, Plaintiff filed a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging that his termination constituted disability discrimination and violated federal law.

29. On or about August 13, 2015, the EEOC issued Plaintiff Notice of Right to Sue Defendants in connection with his charge.

30. Plaintiff has exhausted the administrative remedies available to him.

### VI. Claim Particulars

The particulars of Plaintiff's claims against each defendant are as follows:

### COUNT 1:

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

### (Unlawful Disability Discrimination)

31. Plaintiff adopts by reference all allegations contained in the paragraphs above, as if fully set forth in this Count.

32. Title I of the ADA, 42 U.S.C. §§ 12111-12117, prohibits covered entities from discriminating against otherwise qualified people with disabilities in the terms, conditions or privileges of employment. This prohibition similarly protects people whom covered entities regard as disabled.

33. At all times relevant to this Complaint, Plaintiff was capable of safely performing all the essential functions of his employment for Defendants.

34. At the time of his termination, Plaintiff was performing well in his position.

35. Defendants subjected Plaintiff to differential treatment in the terms and conditions of his employment because of his disability.

36. Defendants violated the ADA by terminating Plaintiff's employment on the basis of his disability.

37. Plaintiff was damages as a result of Defendants' acts. Plaintiff is entitled to lost wages, lost future wages, lost benefits, compensatory relief for emotional distress, and all compensatory damages and punitive damages as authorized by the ADA, and other relied as set forth more fully in the Prayer for Relief below.

38. Defendants' actions were willful, malicious, fraudulent, and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

## COUNT 2:

## FAIR HOUSING ACT

39. Plaintiff adopts by reference all allegations contained in the paragraphs above, as if fully set forth in this Count.

40. The Fair Housing act makes it unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of--that buyer or renter." 42 USCS §3604(f)(1)(a).

41. Under this language, HIV is a recognized handicap, and the act of eviction qualifies as an act that makes a dwelling unavailable.

42. Plaintiff was a welcome resident of the relevant property up until the moment Defendant was made aware that Plaintiff was HIV positive.

43. Defendants evicted Plaintiff within days of this discovery.

44. Defendant, Paul Timphony, made statements to Plaintiff and others indicating that Plaintiff's illness was the reason he was no longer welcome as a tenant.

45. Defendants, Paul and Cheryl Timphony, acting as agents of Hobnobber's, the owner of the relevant property, therefore wrongfully and maliciously evicted the Plaintiff in violation of the Fair Housing Act.

46. As a result, Defendants are liable to the Plaintiff for, and Plaintiff seeks, the full measure of damages allowed under applicable law.

## COUNT 3:

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff adopts by reference all allegations contained in the paragraphs above, as if fully set forth in this Count.

48. The conduct of the Defendants, its agents and employees as directed toward Plaintiff and as described herein, was intentional, knowing, and/or reckless. It is so outrageous that it is not tolerated by civilized society.

49. Defendants Paul and Cheryl Timphony, acting as agents for Hobnobber's, wrongfully terminated Plaintiff from his job as a bartender and manager and evicted him from his apartment.

50. As a direct and proximate result of said actions, plaintiff suffered severe and serious mental injuries and severe emotional distress accompanied by physical manifestations of this distress in the form of, but not limited to, uncontrollable vomiting. This distress well exceeds that tolerable to a reasonable person.

51. Defendants desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from their conduct.

52. In their conduct, the Defendant acted intentionally, knowingly, with malice and in reckless and conscious disregard of Plaintiff's rights. Therefore, Defendants are liable to Plaintiff for intentional infliction of emotional distress, and Plaintiff seeks, the full measure of damages allowed under applicable law. *Labove v. Raftery*, 802 SO.2d 566 (La.11/28/01).

## COUNT 4:
### WRONGFUL PUBLIC DISCLOSURE OF PRIVATE FACTS

53. Plaintiff adopts by reference all allegations contained in the paragraphs above, as if fully set forth in this Count.

54. Defendants, Paul and Cheryl Timphony, acting as agents of Hobnobber's, publicly disclosed private facts about the Plaintiff. Defendants disclosed to a bar full of people who were familiar with the Plaintiff that he was HIV positive.

55. Defendants had adequate reason to know that this fact was considered private, that the disclosure of this fact was offensive and objectionable to a reasonable person with ordinary sensibilities.

56. This disclosure was offensive and objectionable to the Plaintiff, and Plaintiff suffered substantial distress as a proximate and direct result of this disclosure.

57. In their conduct, the Defendants acted intentionally, knowingly, with malice and in reckless and conscious disregard of Plaintiff's rights. Therefore, Defendants are liable to Plaintiff for, and Plaintiff seeks, the full measure of damages allowed under applicable law.

## VII.   Jury Demanded

58. Plaintiff requests a trial by jury of all matters to which he is entitled by law.

## VIII.   Prayer for Relief

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

A. A trial by jury;

B. A declaratory judgment that Defendants have willfully violated Plaintiff's rights under Title I of the ADA;

C. An injunction barring Defendants from continuing to violate the ADA;

D. Issue an injunction ordering and directing the relevant defendants to admit plaintiff as a resident of their facilities and to adopt policies, practices, and training to correct the effects of the discrimination;

E. Issue a judgment declaring that defendants' practices and conduct as alleged herein constitute violations of the Fair Housing Act and La. C.C. art. 2315;

F. Order relevant defendants to adopt remedial measures, modifications of procedures, education, notifications, monitoring and other appropriate measures, without limitation to remedy the effects of past wrongful actions and to assure that they will not continue in the future to discriminate against the plaintiff;

G. That Defendants be ordered to reinstate Plaintiff, and pay to Plaintiff lost wages, lost of future wages, lost benefits, and other compensatory damages and punitive damages as authorized by the ADA;

H. That Defendants be ordered to pay the costs and reasonable attorneys' fees incurred as a result of Plaintiff's bringing of this action; and

I. For such other and further relief as this Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

Respectfully Submitted,
  /s/ Alejandro J. Rodriguez
Galen M. Hair, La. Bar No. 32865
Alejandro J. Rodriguez, La. Bar No. 30947
**Varadi, Hair & Checki, LLC**
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130
Telephone: (504) 684-5200
Facsimile: (504) 613-6351
hair@vhclaw.com
rodriguez@vhclaw.com

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DUSTIN R. JACOBSEN<br>　　　　　　　　Plaintiff,<br>versus<br>HOBNOBBER'S VARIETY BAR, INC.,<br>PAUL TIMPHONY,<br>CHERYL TIMPHONY,<br>ABC, LLC, and<br>XYZ, LLC<br>　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned Notary Public, personally came and appeared

**DUSTIN R. JACOBSEN**

Who, after being duly sworn, did depose and state:

That he is the Petitioner in the above and foregoing Complaint for Damages and that all of the allegations of fact contained therein are true and correct to the best of his information, knowledge and belief.

_____
DUSTIN R. JACOBSEN

SWORN TO AND SUBSCRIBED
BEFORE ME this 30th day of
September, 2015.

_____
Alejandro J. Rodriguez, La. Bar No. 30947
NOTARY PUBLIC